Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1316 | **DATE** | March 3, 2011 |
| **CASE TITLE** | Ronald Pierce (2010-0825171) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $16.84 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's complaint [1], is dismissed without prejudice with leave to submit a proposed amended complaint. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff must submit his proposed amended complaint within thirty days of the entry of this order or this case will be summarily dismissed in its entirety. Plaintiff's motion for appointment of counsel [4], is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  *Pro se* Plaintiff Ronald Pierce, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis*, [3], his complaint [1], for an initial review pursuant to 28 U.S.C. § 1915A, and a motion for appointment of counsel [4].

  Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.84. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

  Turning to the initial review of the complaint, [1], Plaintiff alleges that he was injured while working at the laundry at the Cook County Jail, and did not receive needed medical treatment for his injuries despite several requests. He also adds an unrelated claim that Latin King gang members stored shanks under his bed without his knowledge and that he was wrongfully punished when the shanks were discovered.

## STATEMENT

Although Plaintiff may have plausible claims, the present complaint is unacceptable and he must submit a proposed amended complaint. Plaintiff names the Cook County Jail as the sole Defendant but county agencies and departments are not suable entitles in § 1983 litigation. *Fox v. DuPage County Jail*, No. 10 C 4768, 2010 WL 3834038, at *1 (N.D. Ill. Sept. 22, 2010) (citing *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993)). Additionally, Plaintiff attempts to proceed on two distinct and unrelated claims: (1) his injury at the laundry and associated denial of medical care, and (2) the punishment for the shanks. Unrelated claims may not be brought together in a single suit. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

For these reasons, Plaintiff's complaint is dismissed without prejudice. Plaintiff may proceed with one of his two claims in this case. He must bring the second unrelated claim in a new case. Plaintiff also is instructed that he must identify and name as Defendants the individuals who were personally involved in the alleged constitutional violations so that they may be served with a summons and the amended complaint.

If Plaintiff does not know the names of the persons who actually injured him, he may name them as "John Does" at this time. The law permits the Court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. See *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of any unknown Defendants who allegedly violated Plaintiff's constitutional rights. See Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible if he does not already know their identities. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Plaintiff must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations that Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits that Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be subject to summary dismissal in its entirety.

Plaintiff's motion for appointment of counsel [4], is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). The Court has discretion in determining whether to recruit counsel for a *pro se* plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008)

| STATEMENT |
|---|

(citing *Pruitt*, 503 F.3d at 655). Plaintiff has failed to make any attempts to secure counsel on his own and so his motion must be denied at this time. He should contact law firms or other legal services organizations and request that they take his case. Plaintiff may renew his motion if he is unsuccessful in obtaining his own counsel. Any renewed motion for appointment of counsel should detail Plaintiff's efforts at obtaining counsel such as including the letters that he receives from law firms and legal organizations responding to his requests for representation.

In summary, Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $16.84 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's complaint [1], is dismissed without prejudice and with leave to submit a proposed amended complaint. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Plaintiff must submit his proposed amended complaint within thirty days of the entry of this order or this case will be subject to summary dismissal in its entirety. Plaintiff's motion for appointment of counsel [4], is denied without prejudice.